# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1932

MARY CRAWFORD,
Appellant

v.

SANDRA WOZNIAK; ZALES DELAWARE, INC.; ABC CORPORATIONS 1-5, fictitious names describing presently unidentified business entities; and JOHN DOES 1-5, fictitious names describing presently unidentified individuals

_____

Appeal from the U.S. District Court, D.N.J.
Judge Edward S. Kiel No. 1:21-cv-15811

_____

Before: PORTER, MONTGOMERY-REEVES, and BOVE, *Circuit Judges*
Submitted: Apr. 10, 2026; Decided: Apr. 16, 2026

_____

NONPRECEDENTIAL OPINION [*]

MONTGOMERY-REEVES, *Circuit Judge*. In this appeal, Mary Crawford seeks to reinstate her claims against Zales Delaware, Inc. ("Zales") and Sandra Wozniak for violations of the New Jersey Law Against Discrimination ("NJLAD"). N.J. Stat. Ann. §§ 10:5-1 to -50. Because we see no genuine disputes of material fact for her claims, we will affirm the District Court's order granting summary judgment.

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

## I. BACKGROUND[1]

From 2015 to 2019, Crawford worked at two Zales locations. She was the oldest employee at both. Three of her colleagues, including Wozniak, made numerous negative comments about Crawford's age. She reported them, but nothing happened, and the comments continued. During the same time, coworkers and managers complained about Crawford's workplace behavior.[2] On August 10, 2019, Crawford's regional manager Phillip Avitabile fired her, citing these complaints as the basis for the termination.

In 2021, Crawford filed her complaint against Zales and Wozniak. She alleged that Zales discriminated against her based on age, created a hostile work environment, and retaliated against her for complaining about the ageist environment at Zales—all in violation of the NJLAD. She also alleged that Wozniak aided and abetted Zales's violations of the NJLAD. After discovery, Zales and Wozniak moved for summary judgment. The District Court granted their motion. This appeal followed.

---

[1] We view the following facts in the light most favorable to Crawford, the non-movant. *Turco v. City of Englewood*, 935 F.3d 155, 161 (3d Cir. 2019).

[2] These concerns included Crawford

> (1) being written up for excessive lateness and call outs; (2) entering the store after closing in violation of policy; (3) participating in an incident consistent with insurance fraud; (4) changing shifts without proper approval; (5) sharing personal information about other jewelry consultants with customers; (6) intervening with other jewelry consultants' sales; (7) having verbal altercations with her co-workers and displaying her anger at them in front of customers; (8) abusing premier rewards; (9) making disparaging comments about customers and making them cry; and (10) engaging in dishonest behavior.

Appendix (hereinafter "App. __") 4; App. 740–41.

## II. ANALYSIS[3]

Crawford argues that the District Court erred in granting summary judgment because a genuine dispute of material fact exists for her discrimination, hostile-work-environment, retaliation, and aiding-and-abetting claims. We disagree.

First, discrimination. Under the NJLAD, it is "unlawful discrimination" to "discharge" an employee "because of . . . age." N.J. Stat. Ann. § 10:5-12(a). New Jersey courts assessing NJLAD discrimination claims employ the burden-shifting framework first laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Viscik v. Fowler Equip. Co.*, 800 A.2d 826, 833 (N.J. 2002). As relevant here, once the employee establishes a prima facie case of age discrimination,[4] the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the firing. *McDonnell Douglas*, 411 U.S. at 802. Once the employer does so, the burden of production shifts back to the employee to show pretext. *Id.* at 804–05.

---

[3] The District Court had jurisdiction over this case under 28 U.S.C. § 1332(a). We have jurisdiction over this appeal under 28 U.S.C. § 1291. "We exercise plenary review over the District Court's grant of summary judgment and apply the same standard that the District Court would apply." *Burton v. Teleflex Inc.*, 707 F.3d 417, 424–25 (3d Cir. 2013) (citing *Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 792 (3d Cir. 2010)). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

[4] To do so, Crawford must show, at minimum, that she was replaced by a similarly qualified person outside of the protected class, *Victor v. State*, 4 A.3d 126, 141 (N.J. 2010), or that the circumstances surrounding her termination support an inference of discrimination, *Foreman v. Ramapo Coll. of N.J.*, No. A-2320-18T3, 2020 WL 1130332, at *6 (N.J. Super. Ct. App. Div. Mar. 9, 2020) (quoting *Williams v. Pemberton Twp. Pub. Schs.*, 733 A.2d 571, 578 (N.J. Super. Ct. App. Div. 1999)).

Even assuming that Crawford makes out a prima facie case of age discrimination, nothing in the record suggests that Zales lacked a legitimate, nondiscriminatory reason for firing her or that Zales's nondiscriminatory reasons were pretextual. To start, the record before us demonstrates that Avitabile fired Crawford at least in part based on her "history of conduct and policy violations" unrelated to Crawford's asserted bias-motivated complaints. App. 740. This history included write-ups for excessive lateness, absenteeism, and unauthorized entry into closed stores. Further, one coworker—whom Crawford never accuses of bias—reported that Crawford acted "unethical[ly]" in describing the Zales credit card to customers, was a "pathological liar" to customers and coworkers, and "[wa]s not nice to customers[,] . . . raising her voice." App. 1015–16. Two other coworkers—whom Crawford again never accuses of bias—reported that Crawford engaged in behavior consistent with insurance fraud.[5] Avitabile relied on these legitimate and nondiscriminatory reasons when firing Crawford. Thus, Crawford failed to present evidence creating a genuine dispute of material fact for her age-discrimination claim under the NJLAD.

Second, hostile work environment. The NJLAD prohibits the creation of a hostile

---

[5] Crawford relies on a July 23, 2019 letter and certified statement provided by a customer that contradicts Avitabile's understanding of the alleged fraud incident. But there is no indication in the record that Avitabile saw it before he fired Crawford on August 10, 2019. Even if he had, an incorrect understanding of the alleged fraud incident would not render his decision discriminatory. *See Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994) ("To discredit the employer's proffered reason, however, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent.").

work environment based on a protected characteristic, such as age. *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (applying New Jersey law). To state a claim for hostile work environment under the NJLAD, the complained-of conduct must be severe or pervasive and must not have occurred but for the employee's age. *See Lehmann v. Toys 'R' Us, Inc.*, 626 A.2d 445, 453 (N.J. 1993). Determining whether conduct is severe or pervasive requires assessing "the totality of the relevant circumstances, which involves examination of (1) 'the frequency of all the discriminatory conduct'; (2) 'its severity'; (3) 'whether it is physically threatening or humiliating, or a mere offensive utterance'; and (4) 'whether it unreasonably interferes with an employee's work performance.'" *Godfrey v. Princeton Theological Seminary*, 952 A.2d 1034, 1045 (N.J. 2008) (first citation omitted) (quoting *Green v. Jersey City Bd. of Educ.*, 828 A.2d 883, 891 (N.J. 2003)).

Crawford does not show that a material factual dispute exists as to whether her coworkers' conduct was severe or pervasive. Preliminarily, Crawford's answers in her deposition about the frequency of ageist comments conflict. *Compare* App. 170 (stating that she heard comments "several times," "once a day," and "[t]hree times a week,"), *with* App. 193 ("[I]f you're speaking to someone several times about an issue, it's ongoing."). But even accepting that ageist comments made "several times" are sufficiently pervasive (which is questionable), none of the comments or other conduct Crawford identifies were physically threatening or humiliating. They were at most offensive utterances, incapable

5

of sustaining her claim.[6]  Thus, Crawford has not identified a genuine factual dispute that the conditions she faced at Zales were so severe or pervasive that they constituted a hostile work environment.

Third, retaliation.  The NJLAD forbids "any person" from "tak[ing] reprisals" against an employee because that employee "opposed any practices or acts forbidden under this act."  N.J. Stat. Ann. § 10:5-12(d).  For this claim to survive, Crawford must first establish a prima facie case of NJLAD retaliation by showing that "the employee 'engaged in a protected activity known to the [employer,]' the employee was 'subjected to an adverse employment decision[,]' and there is a causal link between the protected activity and the adverse employment action."  *Battaglia v. United Parcel Serv., Inc.*, 70 A.3d 602, 619 (N.J. 2013) (alterations in original) (quoting *Woods–Pirozzi v. Nabisco Foods*, 675 A.2d 684, 695 (N.J. Super. Ct. App. Div. 1996)).[7]

Crawford engaged in protected activity when she complained about coworkers'

---

[6] Crawford cites *Farrell v. Toys 'R' Us* to support her position that this conduct constituted a hostile work environment.  No. A-3124-10T2, 2012 WL 4069515 (N.J. Super. Ct. App. Div. Sept. 18, 2012) (per curiam).  But the facts of that case were far more severe.  There, the plaintiff's supervisor called him "old man" nine to ten times in two weeks, threatened to "crush" the "the old man's crackers" in his lunch, and threatened to punch him in the face and "kick his ass."  *Id.* at *1.  Crawford presents no evidence of similarly threatening or abusive conduct.

[7] The New Jersey Supreme Court has adopted the U.S. Supreme Court's definition of a materially adverse employment action from the Title VII context.  *See Roa v. Roa*, 985 A.2d 1225, 1236 (N.J. 2010).  Adverse employment actions under the NJLAD must therefore be "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.  *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006).

6

age-related comments. But she was not subjected to an adverse employment decision because of the protected activity. She points to her termination and, before that, increased age-based harassment. Neither convinces. While Crawford's termination was an adverse employment action, nothing in the record before us suggests that it was causally connected to Crawford's protected activity; Avitabile, the decision-maker, was not aware of her complaints. And, as discussed above, Avitabile had ample legitimate reasons to fire her.

Crawford's allegations of increased age-based harassment because of the protected activity fare no better. Crawford cites two cases to demonstrate that a pattern of harassment can be an adverse employment action. But the alleged harassment was more severe in those cases.[8] The conduct Crawford faced would not deter a reasonable person from complaining of discrimination. *White*, 548 U.S. at 68 (citation omitted). And Crawford has failed to present facts demonstrating that she suffered increased harassment because of or in retaliation for her protected activity. So her retaliation claim fails.

Fourth, and finally, aiding and abetting. The NJLAD prohibits "any person" from "aid[ing], abet[ting], incit[ing], compel[ling] or coerc[ing] the doing" of anything forbidden by the statute. N.J. Stat. Ann. § 10:5-12(e). Because we hold that Crawford's evidence failed to show a genuine dispute of material fact that Zales violated the NJLAD,

---

[8] *See Hare v. Potter*, 220 F. App'x 120, 132 (3d Cir. 2007) (identifying a case where an employee was screamed at, denied resources, subjected to more frequent audits, and had her computer login deleted); *Jensen v. Potter*, 435 F.3d 444, 450–51 (3d Cir. 2006) (identifying a case where an employee's car was vandalized, she was subjected to insults and obscenities, and another coworker "menaced her with heavy equipment"), *overruled in part on other grounds by White*, 548 U.S. 53.

Crawford's aiding-and-abetting claim against Wozniak must also fail. *See Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 307 n.15 (3d Cir. 2004) ("[I]nasmuch as we hold that the district court correctly granted summary judgment to the corporate defendants, any claim [the plaintiff] brought against the individual defendants for aiding and abetting fails as well.").

\* \* \* \* \*

For the reasons discussed above, we will AFFIRM the District Court's order.